UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

MARIJA FILIPOVIC,

**COMPLAINT**

Plaintiffs,

JURY TRIAL DEMANDED

-against-

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER TORRES, in her individual and official
capacities, and POLICE OFFICER SANDY GRAHAM,  in
her individual and official capacities, and POLICE OFFICER
JOHN DOE, in his individual and official capacities.

Defendants.
-----------------------------------------------------------------------------X

Plaintiff, Marija Filipovic,  by her attorneys, Moore Zeman Womble, LLP, allege for

her complaint against the defendants as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff, Marija Filipovic, brings this action for compensatory damages,

punitive damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and by

the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the

Fourteenth Amendment of the United States Constitution, and for rights secured under the laws

and Constitution of the State of New York. Plaintiff was deprived of her constitutional and

common law rights when the individual defendants utilized excessive force, committed

unwarranted and malicious assaults and batteries on plaintiff, unlawfully confined plaintiff, and

caused the unjustifiable arrest and prosecution of plaintiff. Plaintiff seeks damages, compensatory

and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such

other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), and 1367(a) this being an action seeking redress for the violations of the Plaintiff's constitutional and civil rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

4.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

## VENUE

5.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claims arose.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      The Plaintiff is a female who was at all relevant times a citizen of the City and State of New York.

8.      Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10.     At all times hereinafter mentioned, the individually named defendants, Police Officer Sandy Graham, Police Officer Torres, and Police Officer John Doe were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13.     Each and all of the acts of the individual defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

14.     On September 2, 2015, at approximately 2:00 p.m., plaintiff, dressed in the appropriate swimming attire, was inside of McCarren Park in Brooklyn, New York, in the swimming pool area.

15.     Plaintiff climbed into the swimming pool into the lap lane and prepared to begin exercising.

16.     At the time plaintiff entered the lap lane one other individual was doing aquatic

exercises in that lane.

17.     As plaintiff was stretching her arms and preparing to begin her workout, Defendant Police Officer Torres told plaintiff Marija Filipovic that she "had to get out of the pool because we are understaffed."

18.     Plaintiff Filipovic pointed out to the officer that there were a number of uniformed lifeguards very nearby, the pool was not very crowded and was "not just for people who come with children and not to swim."

19.     Defendant Police Officer Torres again demanded that Plaintiff Filipovic exit the pool.

20.     Plaintiff Filipovic then exited the swimming pool.

21.     As Plaintiff Filipovic was exiting the swimming pool, Defendant Police Officer Torres aggressively grabbed her by her arm and began pulling her toward the exit.

22.     Plaintiff Filipovic stated more than once that she was leaving and that there was no need for Defendant Police Officer Torres to continue pulling and pushing her.

23.     As Defendant Police Officer Torres continued to push Plaintiff Filipovic out of the swimming area, Plaintiff Filipovic repeatedly asked that she be allowed to retrieve her belongings from her locker and just leave.

24.     Police Officer Torres escorted Plaintiff Filipovic to her locker and allowed her to retrieve her belongings, but demanded that she leave immediately.

25.     Plaintiff Filipovic, still dripping wet, was then forced to put a dress on over her water soaked swimming suit.

26.     As Defendant Police Officer Torres pulled Plaintiff Filipovic toward the exit, they passed by the pool manager's office and Plaintiff Filipovic asked if she could write the names and

badge numbers of the officers who had forced her out of the pool and pool area.

27.     Defendant Police Officer Torres allowed Plaintiff Filipovic to write the information down.

28.     Upon collecting the information, Plaintiff Filipovic attempted to exit the facility.

29.     Defendant Police Officer Torres again grabbed Plaintiff Filipovic, telling her that "that is not the way" and, grabbing her by her wrist, slapped handcuffs onto Plaintiff Filipovic in an overly forceful manner, causing her to suffer great pain.

30.     The handcuffing was unjustified, and applied in an over-tightened manner that caused injury, protracted pain and discomfort to Plaintiff Filipovic.

31.     Despite Ms. Filipovic's injuries and repeated requests that the handcuffs be loosened or removed, and notwithstanding the obvious signs that Ms. Filipovic was in excruciating pain, neither defendant Police Officer Torres nor other Defendant Police Officer Sandy Graham loosened the handcuffs, thereby subjecting Ms. Filipovic to excruciating pain and discomfort for an extended period of time.

32.     As Defendants pushed Plaintiff Filipovic toward the exit, she stated that her brother was visiting her from out of town and would need her keys to get into the apartment.

33.     Police Officer John Doe offered to give the keys and the paper with the officers' information that Plaintiff Filipovic had just written to her brother.

34.     The keys were given to the brother, the paper with the officer information was not.

35.     Plaintiff Filipovic, still soaking wet, was then dragged out to a police car and placed in the back seat.

36.     While Ms. Filipovic sat in the cramped rear seat of defendants' police cruiser with defendant Police Officers sitting in the front seat as Ms. Filipovic cried in pain and pleaded with

them to remove or loosen her cuffs.

37.    None of the Defendant Police Officers loosened or removed Plaintiff Filipovic's cuffs.

38.    Ms. Filipovic was then driven to the 94th Precinct in Brooklyn, New York.

39.    Although Plaintiff Filipovic notified defendant police officers that she was in severe pain, Defendant police officers refused to obtain any medical care or assistance for Plaintiff Filipovic.

40.    Ms. Filipovic, still wet from the swimming pool, was then brought to the 94th Precinct where she was charged with Penal Law Section 140.05 (Trespass); Penal Law Section 240.20(1) (Disorderly Conduct); and Penal Law Section 240.20(7) (Disorderly Conduct).

41.    Despite having been charged with three violations, Plaintiff Filipovic spent the night in a holding cell at the 94th Precinct and was then transferred to Central Bookings in the Criminal Courthouse in Downtown Brooklyn, still wearing her swimsuit and dress.

42.    The cell in Central Booking was filthy and infested with pests. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and other detainees to sleep on.

43.    At the arraignment, where Ms. Filipovic was falsely accused of having committed three violations, and the court adjourned her case for six months in contemplation of dismissal.

44.    As a result, Plaintiff Filipovic's criminal case was dismissed and sealed.

45.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

46.    Ms. Filipovic suffered severe damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury

(resulting in medical treatment), anxiety, embarrassment, humiliation, damage to her reputation, and deprivation of her constitutional rights.

## FIRST CAUSE OF ACTION
*42 U.S.C. §§1981 and 1983 —Deprivation of Rights*
(Against the Individual Officer Defendants)

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

49.    All of the aforementioned acts deprived plaintiff MARIA FILIPOVIC, a member of a protected gender class, of the rights, privileges and immunities guaranteed to the citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§1981 and 1983.

50.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of gender.

51.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

52.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

53.    Defendants violated the Fourth and Fourteenth Amendments because they stopped

and detained plaintiff without reasonable suspicion.

54.     As a result, plaintiff MARIA FILIPOVIC sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for Unlawful Stop*
(Against the Individual Officer Defendants)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants violated the Fourth and Fourteenth Amendment because they stopped plaintiff without reasonable suspicion.  Plaintiff Filipovic was unlawfully pushed, pulled and handcuffed without probable cause or reasonable suspicion.

57.     As a result, Plaintiff Filipovic sustained the damages alleged herein.

58.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Filipovic of her Fourth Amendment rights under the United States Constitution to be free from unlawful stop and are liable to plaintiff under 42 U.S.C. §1983.

## THIRD CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations for False Arrest*
(Against the Individual Officer Defendants)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     As a result of Defendant police officers' aforementioned conduct, Plaintiff Filipovic were subjected to an illegal, improper, and false arrest by the defendants.  Plaintiff Filipovic was taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

61.     In the above-mentioned actions, Defendant police officers acted intentionally, willfully, with malice, and without probable cause, privilege or consent.

62.     Plaintiff Filipovic was conscious of her confinement.

63.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Filipovic of her Fourth Amendment rights under the United States Constitution to be free from false arrest and are liable to plaintiff under 42 U.S.C. §1983.

### FOURTH CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violation for Excessive Force*
(Against the Individual Officer Defendants)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     While in the course of their duties and while acting under color of law, Defendant police officers affected a seizure and arrest of Plaintiff Filipovic by intentionally using excessive physical force against plaintiff, including but not limited to pulling and pushing Plaintiff Filipovic repeatedly about her body, and applying the handcuffs to her wrists in an overly tight manner.

66.     The physical force the Defendant police officers used on Plaintiff Filipovic was objectively unreasonable and wholly unnecessary.

67.     The Defendant police officers use of excessive physical force caused injuries, including but not limited to, severe pain to the plaintiff's wrists, bruising to her wrists, and abrasions to her wrists resulting in Plaintiff Filipovic having to seek medical attention.

68.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Filipovic of her Fourth Amendment rights under the United States Constitution to be free from excessive force and are liable to plaintiff under 42 U.S.C. §1983.

### FIFTH CAUSE OF ACTION
*42 U.S.C. § 1983 - Fourth Amendment Violations for Failure to Intervene*
(Against the Individual Officer Defendants)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendant police officers who did not participate in Plaintiff Filipovic's arrests, but observed the unlawful actions alleged herein, had an opportunity to prevent such conduct, and failed to intervene.

71.     By virtue of the foregoing, the Defendant police officers deprived Plaintiff Filipovic of her Fourth Amendment rights under the United States Constitution to be free from unreasonable seizure and excessive force are liable to plaintiff under 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION
*42 U.S.C. § 1983- Fifth Amendment Violation of Due Process*
(Against Defendant City)

72.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     While in the course of their duties and while acting under color of law, Defendant Officers violated Plaintiff Filipovic's guaranteed right of due process under the Fifth Amendment of the United States Constitution when they falsely arrested, detained and searched Plaintiff Filipovic as described herein.

74.     During all times relevant to this action, the New York City Police Department developed and maintained customs and practices exhibiting deliberate indifference to the constitutional rights of people in the City of New York. These customs and practices caused the violation of Plaintiff Filipovic's due process rights.

75.     As a direct and proximate result of this unlawful conduct, Plaintiff Filipovic sustained the damages herein alleged.

## SEVENTH CAUSE OF ACTION
Municipal Liability

(Against Defendant City under 42 U.S.C. §1983)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     The widely held assumption is that civil rights lawsuits deter police misconduct. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161, (1992) citing Carey v. Piphus, 435 U.S. 247, 254-257, (1978). "As far as we know, civil liability is an effective deterrent [to civil rights violations], as we have assumed it is in other contexts." See Hudson v. Michigan  547 U.S. 586, 598 (2006) citing Correctional Services Corp. v. Malesko, 534 U.S. 61, 70 (2001) and Nix v. Williams, 467 U.S. 431, 446, (1984). "It is almost axiomatic that the threat of damages has a deterrent effect (citation omitted) surely particularly so when the individual official faces personal financial liability." Carlson v. Green, 446 U.S. 14, 21, (1980), citing Imbler v. Pachtman, 424 U.S. 409, 442, and footnote 6 (1976).

78.     However, the City of New York has insulated NYPD officers like Police Officer Sandy Graham and Police Officer Torres from accountability for civil rights lawsuits by indemnifying officers who violate the constitutional rights of citizens, and, as a result, is preventing civil rights lawsuits from having any deterrent value to the City, the NYPD or its officers.  Civil rights lawsuits against police officers have no impact on the officers' careers, regardless of the expense to the City of the officers' lawsuit liability, even after multiple lawsuits.

79.     Nevertheless, the City has repeatedly resisted attempts to catalog even basic information gleaned from civil rights lawsuits that could improve training, leadership, supervision, and discipline in the NYPD.  The City's deliberate indifference towards the contents of civil rights

litigation, individual officers repeatedly named in lawsuits, incidents repeatedly occurring in the same division, and patterns of misconduct that arise in civil rights litigation has caused the constitutional violations of excessive force and false arrest suffered by plaintiff.

80.     Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct or to calculate the total liability of an individual officer or of a precinct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected, problematic supervision or leadership at the precinct level goes ignored, and repeated misconduct by individual officers goes unaccounted for.  Even occasional judicial findings that officers have testified incredibly are not reported routinely to the police department or any oversight agencies.

81.     All of the aforementioned has created a climate where police officers and detectives lie to prosecutors and in police paperwork and charging instruments, and testify falsely, with no fear of reprisal.  "Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration-through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department-there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged." See Colon v. City of New York, et al, 2009 WL 4263362 (E.D.N.Y.) (Weinstein, J.).

82.     In Floyd v. City of New York, 08-cv-01034-SAS-HBP, Judge Scheindlin found that the City acted with "deliberate indifference toward the NYPD's practice of making

unconstitutional stops and conducting unconstitutional frisks" and adopted "a policy of indirect racial profiling by targeting racially defined groups for stops based on local crime suspect data." (Opinion and Order, dated August 12, 2013, P.13).

83. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

84. Plaintiff has been damaged as a result of the deliberate indifference of the Defendant City and deprived of federal protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from false arrest;

    c. To be free from excessive force;

    d. To be free from malicious abuse of process;

    e. To be free from retaliation for the exercise of free expression;

    f. To be free from failure to intervene.

85. The foregoing acts and conduct of defendants were a direct and proximate cause of injury and damage to plaintiff and violated the common law rights guaranteed to her by the Constitution of the United States of America.

## EIGHTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. §1983)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. By their conduct, as described herein, and acting under color of state law,

defendants are liable to plaintiff MARIJA FILIPOVIC under 42 U.S.C. §1983 for the violation of her constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

88.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

89.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. §1983)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendants arrested Plaintiff Filipovic and chose to process and prosecute her in Brooklyn Criminal Court for the collateral objective of covering up their acts of brutality and abuse of authority during the arrest of the Plaintiff.

92.     Defendants thereby caused Plaintiff Filipovic to be deprived of her right to be free from malicious abuse of process.

**WHEREFORE,** plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

a.      Full and fair compensatory  damages  in an amount  to be determined  by a jury;

b.      Punitive  damages  in an amount  to be determined  by a jury;

c.      Costs,  interest  and attorney's  fees,  pursuant  to 42 U.S.C. §1988; and

d.      Such other  and further  relief  as this Court  may deem  just and proper,  including

injunctive  and declaratory  relief.


Dated:  New York, New York
        April 6, 2016                         By:     Benjamin Zeman


                                             Benjamin Zeman
                                             Attorney for Plaintiffs
                                             Moore Zeman Womble, LLP
                                             66 Willoughby St.
                                             Brooklyn, New York 11201
                                             (T) (718) 514-9100
                                             (F) (917) 210-3700
                                             zeman@mzwlegal.com